PER CURIAM.
The father appeals the denial of his petition for return of children under the Hague Convention on the Civil Aspects of International Child Abduction. We affirm.
*936 The parties were divorced in their home country and the mother was named the custodial parent in the divorce decree. By written agreement between the parties entered into shortly before the decree, the mother granted the father temporary custody so that she could move to the United States. Thereafter the father moved to a third country. With the consent of the mother, he took the minor children with him.
After the children had been in the father’s custody for about twenty-one months, the mother invited them to come to the United States and the father sent them to visit the mother. There was conflicting testimony about whether this was supposed to be a temporary visit, or a permanent relocation. After hearing the evidence, the trial court apparently concluded that the mother told the father it would be a visit and did not inform the father that the children would not return.
The father filed a petition for return of the children to him. The trial court conducted an evidentiary hearing and denied the petition. The court reasoned that under the divorce decree of the parties country of origin, the mother had been designated the custodial parent. The parties’ agreement was for the father to have temporary custody only. The mother had a right to terminate the temporary custody agreement. She did so and resumed her custody rights within a reasonable time under the circumstances. We conclude that the trial court acted within its discretion in denying the petition.
Affirmed.